**5**

LEONARD K. WELSH CSB NO. 097954
LAW OFFICES OF YOUNG WOOLDRIDGE
10800 Stockdale Highway, Suite 202
Bakersfield, CA 93311
Telephone: (661) 327-9661
Email: lwelsh@youngwooldridge.com

Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>SAVI CONSTRUCTION LLC<br><br>    Debtor-in-Possession. | Case No. 25-13979-B-11<br><br>Chapter 11<br><br>DC No. YW-1<br><br>[No Hearing Requested]<br><br>Date: N/A<br>Time: N/A<br>Place: N/A<br>Judge: Honorable Rene Lastreto, II |

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GENERAL COUNSEL PURSUANT TO 11 U.S.C. § 327(a)
(COUNSEL FOR DEBTOR)

The *Application for Order Authorizing Employment of General Counsel Pursuant to 11 U.S.C. § 327(a)* (the "Application") filed by Savi Construction LLC ("Debtor") represents:

1.    This case was commenced by Debtor filing a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on November 26, 2025 ("Petition Date"). No trustee has been appointed in the case except for the Subchapter V Trustee. Debtor is a debtor-in-possession.

2.    Debtor requires the services of bankruptcy counsel under a general retainer for representation in its Chapter 11 case. Such representation will include the services rendered for a debtor in its capacity as a debtor and debtor-in-possession in connection with the Chapter 11 case including, but not limited to, the following:

1

A. Consulting with Debtor about its financial situation, its achievable goals, and the efficacy of various forms of bankruptcy as a means to achieve its goals,

B. Preparing the documents necessary to commence the bankruptcy case,

C. Advising Debtor about its duties as a debtor and debtor-in-possession in a Chapter 11 case,

D. Helping Debtor formulate a Chapter 11 Plan of Reorganization ("the Plan"), drafting the Plan, and prosecuting legal proceedings to seek confirmation of the Plan, and

E. Preparing and prosecuting pleadings such as (i) complaints to avoid preferential transfers or transfers deemed fraudulent to creditors (ii), motions for authority to borrow money, use cash collateral, sell property, or compromise claims, and (iii) objections to the allowance of claims.

3. Debtor desires to employ the Law Offices of Young Wooldridge ("Counsel") to represent it in the case. Debtor believes Counsel possesses the requisite skill, experience, and integrity to competently represent Debtor. Debtor and Counsel have entered into a Legal Services Agreement concerning Counsel's representation of Debtor. A true and correct copy of the Legal Services Agreement is included in the *Exhibit to Application for Order Authorizing Employment of General Counsel Pursuant to 11 U.S.C. § 327(a)* as Exhibit A.

4. Counsel's agreement with Debtor is for a limited engagement. Counsel is not undertaking to meet all of Debtor's needs for assistance concerning its bankruptcy case by this engagement. Specifically, Counsel is not undertaking to perform the following types of services for Debtor:

A. Auditing/Investigation. It is Debtor's duty to give Counsel all necessary information in a format that is complete, accurate and well-organized in order to make the information usable. Counsel will not audit Debtor's financial information. Nor will Counsel investigate Debtor's affairs to detect whether it has given all necessary information to Counsel.

2

B.     Accounting/Tax Advice. Debtor's bankruptcy case may have some tax impacts on Debtor and the estate. In addition, the bankruptcy case does not vitiate Debtor's duty to file tax returns. If Debtor needs tax advice or accounting assistance, it must arrange to hire and pay its own accountant or other tax advisor. Counsel's sole function in this will be to apply for any necessary court approval to employ such professionals.

C.     Business or Financial Advice. Any reorganization of Debtor's financial affairs may require that it consider making changes to its business and financial affairs. Except as necessary to help in complying with the requirements that the law places on debtors in bankruptcy cases, Counsel will not give Debtor advice about how to increase its income, decrease its expenses, or otherwise increase its net cash flow. If Debtor needs such advice, it is Debtor's duty to seek such advice from a professional of its choice. Counsel's sole function in this case will be to apply for any necessary court approval to employ such professionals.

D.     Employment of Experts. Often, employing experts concerning cases is necessary. These experts might include appraisers to testify concerning the value of Debtor's assets or economists to testify about the proper interest rate Debtor should pay under its Plan. If such experts become necessary, Counsel will tell Debtor as far in advance as possible. It will be Debtor's duty to select, employ and pay the experts.

E.     Litigation. Counsel is not undertaking to represent Debtor concerning any litigation that Debtor may want to commence or that may be commenced against Debtor except for certain bankruptcy-related issues such as objections to the allowance of claims, actions to avoid transfers avoidable under bankruptcy law, and motions to sell property or approve compromises.

F.     Other General Legal Services. Counsel is not undertaking by this agreement to decide whether Debtor needs assistance in other general legal matters.

G.     <u>Impact of Debtor's Case on Others</u>. This case may have an impact on Debtor's employees, members, or others. As a practical matter, Debtor may feel damaged by such impacts especially if Debtor feels obliged to compensate such people for any harm they sustain. However, Counsel is not undertaking to consider or analyze this impact or to take steps to protect such people. Debtor acknowledges that Counsel owes no duty to such people.

H.     <u>Compliance with U.S. Trustee Reporting Requirements</u>. The Office of the United States Trustee ("UST") monitors compliance by Chapter 11 debtors with requirements made by the law. The UST requires that Chapter 11 debtors file Monthly Operating Reports. Debtor has received a copy of the United States Trustee's Guidelines. It is Debtor's responsibility to read these documents and to prepare and submit all required Reports on a timely basis.

5.     Debtors and Counsel have made the following economic arrangements which are subject to the Court's approval:

A.     Counsel received a prepetition retainer of $21,738.00 for the Chapter 11 case from Debtor. Of this sum, $13,918.00 was paid to Counsel for costs incurred before the Petition was filed. Counsel will hold the balance of $7,820.00 in its Client Trust Account pending the approval and allowance of attorney's fees and costs by the Court. Pending such approval and allowance, Counsel claims a possessory security interest in this money to secure payment of its fees.

B.     Counsel cannot estimate the total amount of its fees. Counsel may require that Debtor deposit additional funds into Counsel's Client Trust Account to provide a source for payment of fees and other administrative expenses. Counsel's request will vary depending on the fees incurred to the date of the request, the status of the case, and the extent of any other claims that Debtor has incurred and failed to pay after filing bankruptcy. However, Counsel will not require Debtor to deposit additional funds into its Client Trust Account unless such additional deposit has been authorized by the Court. Counsel will not

4

assist Debtor in rendering a proposed Plan feasible by waiving Counsel's rights to payment in full ahead of Debtor's other unsecured creditors.

C.      Counsel may advance costs for Debtor when a cost for a particular item or service is under $200.00. Concerning costs not requiring Court approval, the bill will be forwarded to Debtor for payment when a cost bill is received that is over $200.00. Since Counsel and his firm are obligated to pay these bills as incurred, Debtor is expected by Counsel to pay the bill promptly.

D.      Subject to Court approval, the scope of Counsel's engagement will require Debtor to pay for services or items in addition to professional time. These services and items are designated as "costs" and include inside costs and outside costs. Inside costs include copying charges, filing fees, investigative costs associated with the hiring of investigators, mileage reimbursement, and travel.

6.      Debtor believes it cannot prosecute the Chapter 11 case without Counsel.

**Connections between Counsel, Debtor, Creditors and Parties in Interest**

7.      To the best of Debtor's knowledge, Counsel has no interests adverse to Debtor and is disinterested. To the best of Debtor's knowledge, Counsel has no connections with Debtor, its Creditors, any other party in interest or their attorneys and accountants, the United States Trustee, or any person employed by the UST except as set forth in the Declaration of Leonard K. Welsh filed concurrently herewith.

WHEREFORE, Debtor prays for an order authorizing the employment of the LAW OFFICES OF YOUNG WOOLDRIDGE on the terms and for the performance of the services herein above set out and for that authorization to be retroactive to November 26, 2025.

Date: December 2, 2025          SAVI CONSTRUCTION LLC

By: /s/    Jenny Ramirez
JENNY RAMIREZ

5